UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RACHELLE ELIZABETH
DECKER and AKKIMA
DANNIELLE BRISCOE,

    Plaintiffs,

v.                                      Case No.: 2:22-cv-383-SPC-NPM

CHARLOTTE COUNTY,

    Defendant.
_____/

## **ORDER**[1]

    Before the Court is pro se Plaintiffs' Complaint (Doc. 1) against Defendant Charlotte County. Even liberally construed, the Court cannot tell what this lawsuit concerns. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). The Complaint is a string of mostly legal conclusions on a host of topics. These apparently range anywhere from (1) an unlawful eviction to (2) Plaintiffs' children being taken to (3) false arrest to (4) cruel and unusual punishment to (5) the County somehow usurping lands from the State of Florida, with other theories sprinkled in. At one point, Plaintiffs say the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

County entered their home and took their pets and possessions—which they value at $100 million.

In short, the Court struggles to understand what is at issue and suspects this case is frivolous even if there were jurisdiction. For what it's worth, the Court just dismissed two actions filed by each Plaintiff because confusing allegations did not establish subject-matter jurisdiction. *Decker v. Punta Gorda Police Dep't*, No. 2:22-cv-259-SPC-MRM, 2022 WL 1747490 (M.D. Fla. May 31, 2022); *Briscoe v. Pennymac Servs., LLC*, No. 2:22-cv-267-SPC-MRM, 2022 WL 1747489 (M.D. Fla. May 31, 2022).

All the same, Plaintiffs neither paid the filing fee nor moved to proceed *in forma pauperis* ("IFP"). They must do one of those to pursue this action. "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee" plus any prescribed "additional fees." 28 U.S.C. § 1914(a)-(b). The current total fees are $402. If Plaintiffs cannot pay the fees, they may seek to proceed IFP. 28 U.S.C. § 1915(a)(1). Should Plaintiffs choose the IFP route, they must complete and file an Affidavit of Indigency (while otherwise complying with the statute).[2] *Id.* Either way,

---

[2] *Available at*, https://www.uscourts.gov/sites/default/files/ao239_1.pdf.

2

the Court encourages Plaintiffs to retain counsel or—at a minimum—consult the Court's Guide for Proceeding Without a Lawyer.[3]

One final point. Plaintiffs left the Complaint at the Clerk's Office without providing a mailing address. So the Court does not know where to send this Order. In an abundance of caution, the Clerk will send the Order to the addresses Plaintiffs used in their recent suits. But the Court will not do anything else to try and track down Plaintiffs as it is their obligation to provide the Court a valid, updated address.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs must **PAY** the filing fee **on or before July 8, 2022**. **Alternatively**, Plaintiffs may **FILE** an Affidavit of Indigency and otherwise comply with 28 U.S.C. § 1915 **by that same date**.

2. The Clerk is **DIRECTED** to **MAIL** a copy of this Order to the following addresses:

   **Rachelle Elizabeth Decker**
   **401 E. Helen Ave.**
   **Punta Gorda, FL 33950**

   **Akkima Dannielle Briscoe**
   **20995 Lawson Avenue**
   **Port Charlotte, FL 33952**

---

[3] *Available at,* https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

3

3. **If Plaintiffs do not comply with this Order, the Court will dismiss this action without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 24, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record