UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RACHELLE ELIZABETH
DECKER and AKKIMA
DANNIELLE BRISCOE,

    Plaintiffs,

v.                               Case No.:   2:22-cv-383-SPC-NPM

CHARLOTTE COUNTY,

    Defendant.
                                         /

### **ORDER**[1]

Before the Court is a sua sponte review of the case.  A previous Order warned Plaintiffs they must pay the filing fee or seek leave to proceed *in forma pauperis* ("IFP") by July 8.  The Order warned, "**If Plaintiffs do not comply with this Order, the Court will dismiss this action without further notice**."  (Doc. 3 at 4).  Plaintiffs failed to pay the fee or file an IFP motion.

After the Order, Plaintiffs made three filings: a (1) petition for writ of mandamus (Doc. 4); (2) request for a hearing (Doc. 5); and (3) motion to strike the Order (Doc. 6).  To be sure, the Court must liberally construe Plaintiffs'

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

filings. *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). But even most liberally construed, none of these papers seek leave to proceed IFP—much less make the requisite showing. So the Court should dismiss for failure to prosecute and comply with an Order. *E.g.*, *Walker v. Miner*, No. 8:16-cv-284-T-36SPF, 2018 WL 10705407, at *1 (M.D. Fla. Dec. 13, 2018).

One last note. Plaintiffs mention "at no point was any cause presented by movant intended to be 'instituted.'" (Doc. 6 at 1). If Plaintiffs did not intend to institute an action, there is nothing left for the Court to do except dismiss. The Court only has jurisdiction over "cases" and "controversies." U.S. Const. art. III. § 2. If Plaintiffs believe the Court can issue a writ of mandamus unrelated to any case or controversy, they are mistaken. All-Writs power does not confer jurisdiction on its own. *E.g.*, *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999). Instead, "a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). So while the Court has broad powers to issue writs, it cannot do so in the abstract. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1026-27 (11th Cir. 2006).

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 11, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record